_____

SAFIA ABDULRAHMAN, o/b/o M.I.A,

                Plaintiff,

v.                                                          1:18-CV-1122
                                                               (WBC)

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
_____

APPEARANCES:                                       OF COUNSEL:

LEWIS L. SCHWARTZ, PLLC             LEWIS SCHWARTZ, ESQ.
  Counsel for Plaintiff
1231 Delaware Ave., Ste. 103
Buffalo, NY 14209

U.S. SOCIAL SECURITY ADMIN.         KRISTIN ROGERS, ESQ.
OFFICE OF REG'L GEN. COUNSEL – REGION II
  Counsel for Defendant
26 Federal Plaza – Room 3904
New York, NY 10278

William B. Mitchell Carter, U.S. Magistrate Judge,

## MEMORANDUM-DECISION and ORDER

       The parties consented, in accordance with a Standing Order, to proceed before the undersigned. (Dkt. No. 16.) The court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g). The matter is presently before the court on the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the reasons discussed below, Plaintiff's motion is granted in part, to the extent it seeks remand, and the Commissioner's motion is denied.

**I.       RELEVANT BACKGROUND**

   **A.      Factual Background**

Claimant was born in 2007.  (T. 13.)  At the time of filing Claimant was a preschooler and at the time of the hearing he was a school-aged child.  (*Id*.)  Claimant's alleged disability consists of seizures and asthma.  (T. 70.)

   **B.      Procedural History**

On August 12, 2014, Plaintiff applied for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act on Claimant's behalf.  (T. 69.)  Plaintiff's application was initially denied, after which she timely requested a hearing before an Administrative Law Judge ("the ALJ").  On June 29, 2017, Plaintiff and Claimant appeared before the ALJ, David Begley.  (T. 40-68.)  On July 28, 2017, ALJ Begley issued a written decision finding Claimant not disabled under the Social Security Act.  (T. 7-28.)  On August 9, 2018, the Appeals Council ("AC") denied Plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner.  (T. 1-6.)  Thereafter, Plaintiff timely sought judicial review in this Court.

   **C.      The ALJ's Decision**

Generally, in his decision, the ALJ made the following six findings of fact and conclusions of law.  (T. 13-23.)  First, the ALJ found Claimant was a preschooler at the time of filing and a school-aged child at the time of the hearing pursuant to 20 C.F.R. § 416.926a(g)(2). (T. 16.)  Second, the ALJ found Claimant had not engaged in substantial gainful activity since the application date.  (*Id*.)  Third, the ALJ found Claimant suffered from the severe impairments of Long QT syndrome and seizure disorder.  (*Id*.)  Fourth, the ALJ found Claimant did not have an impairment or

combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix I ("the Listings").  (T. 13.)  Fifth, the ALJ found Claimant did not have an impairment or combination of impairments that functionally equaled an impairment set forth in the Listings.  (T. 14-23.)  Sixth, and finally, the ALJ concluded Claimant had not been disabled, as defined by the Social Security Act, since August 12, 2014, the date his application was filed.  (T. 23.)

## II. THE PARTIES' BRIEFINGS ON PLAINTIFF'S MOTION

### A. Plaintiff's Arguments

Plaintiff makes three arguments in support of her motion for judgment on the pleadings.  First, Plaintiff argues the ALJ erred in his consideration of Listing § 104.05 for recurrent arrhythmia. (Dkt. No. 13 at 12-13.)  Second, Plaintiff argues the ALJ erred in not developing the record and by substituting his own medical judgment over that of any physician. (*Id*. at 14-19.)  Third, and lastly, Plaintiff argues the ALJ lacked substantial evidence and violated SSR 09-8p in concluding that Claimant had only "less than marked" limitation in the domain of "health and physical well-being." (*Id*. at 19-20.) Plaintiff also filed a reply in which she reiterated her original arguments.  (Dkt. No. 15.)

### B. Defendant's Arguments

In response, Defendant makes three arguments.  First, Defendant argues the ALJ properly assessed Claimant's impairments under Listing § 104.05. (Dkt. No. 14 at 6-8.)  Second, Defendant argues the ALJ properly developed the record and assessed all the evidence without substituting his judgment over a physician's opinion. (*Id*. at 8-11.)  Third, and lastly, Defendant argues the ALJ properly assessed Claimant's abilities

under SSR 09-8p in finding less than marked limitations in the domain of health and physical well-being. (*Id*. at 11-13.)

## III. RELEVANT LEGAL STANDARD

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will only be reversed if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979).

"Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both

sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988).

If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

An individual under the age of eighteen is considered disabled within the meaning of the Act "if that individual has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(C)(i). The Commissioner has set forth a three-step process to determine whether a child is disabled as defined under the Act. *See* 20 C.F.R. § 416.924.

At step one, the ALJ determines whether the child is engaged in substantial gainful work activity. 20 C.F.R. § 416.924(b). If so, the child is not disabled. *Id.* If not, the ALJ proceeds to step two and determines whether the child has a medically determinable impairment(s) that is "severe." *Id.* § 416.924(c). If the child does not have a severe impairment(s), he or she is not disabled. *Id.* If the child does have a severe impairment(s), the ALJ continues to step three and examines whether the child's

5

impairment(s) meets, medically equals, or functionally equals the listed impairments in Appendix 1 to Subpart P of Part 404 of the Commissioner's regulations (the "Listings"). *Id.* § 416.924(d). In determining whether an impairment(s) functionally equals the Listings, the ALJ must assess the child's functioning in six domains: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for him or herself; and (6) health and physical well-being. *Id.* § 416.926a(b)(1)(i)-(vi). To functionally equal the Listings, the child's impairment(s) must result in "marked" limitations in two domains or an "extreme" limitation in one domain. *Id.* § 416.926a(a). A child has a "marked" limitation when his or her impairment(s) "interferes seriously" with his or her ability to independently initiate, sustain, or complete activities. *Id.* § 416.926a(e)(2). A child has an "extreme" limitation when his or her impairment(s) "interferes very seriously" with his or her ability to independently initiate, sustain, or complete activities. *Id.* § 416.926a(e)(3).

If the child has an impairment(s) that meets, medically equals, or functionally equals the Listings, and the impairment(s) meets the Act's duration requirement, the ALJ will find the child disabled. 20 C.F.R. § 416.924(d).

## IV. ANALYSIS

Plaintiff essentially argues the ALJ's overall determination was not supported by substantial evidence in the record because the record did not contain a timely medical source statement. (Dkt. No. 13 at 14-19.)

In general, as in adult cases, an ALJ's determination is not fatally flawed merely because it was formulated absent a specific medical opinion. Where the record

6

contains sufficient evidence from which an ALJ can assess whether a claimant's impairments functionally equals the severity of a listing, a medical source statement or formal medical opinion is not necessarily required. *See Monroe v. Comm'r of Soc. Sec.*, 676 F. App'x 5, 8 (2d Cir. 2017); see *Tankisi v. Comm'r of Soc. Sec.*, 521 F. App'x 29, 34 (2d Cir. 2013) (remand not required to obtain a treating source opinion where the record contained sufficient evidence form which the ALJ could assess plaintiff's RFC).

Here, remand is necessary not because the ALJ made his determination absent a medical opinion, remand is necessary because the ALJ failed to properly assess medical opinions in the record provided by Claimant's treating cardiologist, Jeffrey Vinocur, M.D. *Bushey v. Berryhill*, 739 F. App'x 668, 671 (2d Cir. 2018) (a reviewing court may reverse an ALJ's finding that a claimant is not disabled only if the ALJ applied the incorrect legal standards or if the ALJ's decision is not supported by substantial evidence); *Cichocki v. Astrue*, 729 F.3d 172, 175-176 (2d Cir. 2013) (the court must conduct a "review of the administrative record to determine if there is substantial evidence, considering the record as a whole, to support the Commissioner's decision and if the correct legal standards have been applied"). Because there is a reasonable basis of for doubt whether the ALJ applied the correct legal standard, remand is required. *Johnson,* 817 F.2d at 986.

The opinion of a treating source will be given controlling weight if it "is well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 416.927(c)(2)[1]. When assigning less than "controlling weight" to a treating physician's

---

[1] Effective March 27, 2017, many of the regulations cited herein have been amended, as have Social Security Rulings ("SSRs"). Nonetheless, because Plaintiff's social security application was

7

opinion, the ALJ must "explicitly consider" the four factors announced in *Burgess v. Astrue*, 537 F.3d 117 (2d Cir. 2008). *Estrella v. Berryhill*, 925 F.3d 90, 95 (2d Cir. 2019) (internal quotation marks omitted). Those factors, referred to as "the *Burgess* factors," are "(1) the frequen[cy], length, nature, and extent of treatment; (2) the amount of medical evidence supporting the opinion; (3) the consistency of the opinion with the remaining medical evidence; and (4) whether the physician is a specialist." *Estrella,* 925 F.3d at 95-96 (citation omitted); 20 C.F.R. 404.1527(c)(2). A reviewing court should remand for failure to consider explicitly the *Burgess* factors unless a searching review of the record shows that the ALJ has provided "good reasons" for its weight assessment. *Id*. at 96; *see Guerra v. Saul*, 778 F. App'x 75, 77 (2d Cir. 2019) ("While the ALJ here did not always explicitly consider the *Burgess* factors when assigning the treating physician' opinions less than controlling weight, we nonetheless conclude that the ALJ provided sufficient "good reasons" for the weight assigned.").

Dr. Vinocur's treatment notations, outlined below, contain medical opinions which the ALJ failed to weigh. *See* 20 C.F.R. § 416.927(a)(1) ("Medical opinions are statements from acceptable medical sources that reflect judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, what you can still do despite impairment(s), and your physical or mental restrictions."). Although the ALJ thoroughly summarized Dr. Vinocur's treatment notations, including his opined restrictions and need for constant supervision, the ALJ failed to properly assess those limitations under the treating physician rule. (T. 16-17.)

---

filed before the new regulations and SSRs went into effect, the court reviews the ALJ's decision under the earlier regulations and SSRs.

8

In his written decision, the ALJ discussed and afforded weight to the opinion of the non-examining State agency medical consultant. (T. 18.) However, the ALJ failed to provide any weight to Dr. Vinocur's assessments or provide sufficient analysis under treating physician rule. The ALJ merely concluded Claimant's impairment "improved" based on Dr. Vinocur's notations Claimant had no episodes of syncope/seizure since beginning treatment with the doctor. (T. 17.)

Claimant received treatment for his long QT Syndrome from Dr. Vinocur, beginning in January 2015. Dr. Vinocur noted Claimant was "one of the most severe cases of [long QT syndrome] that [he] has ever seen." (T. 449.) The doctor stated Claimant was at risk for cardiac arrest and sudden death and required "urgent escalation of therapy." (*Id*.) Dr. Vinocur started Claimant on the medication, Nadolol. (*Id*.) Dr. Vinocur recommended "strict activity restriction, at least until we finish his workup and medication adjustment." (*Id*.) In February 2015 Dr. Vinocur again recommended "strict activity restriction." (*Id*.) In March 2015, Dr. Vinocur noted genetic testing. (T. 451.) On March 25, 2015, Dr. Vinocur noted he was "cautiously optimistic" Claimant's symptoms were "eliminated" due to the medication; however, Claimant's risk of cardiac arrest and sudden death remained "very high." (T. 455.) Dr. Vinocur restricted Claimant from "entire physical activity education program." (T. 456.) In July 2015, Claimant reported no episodes of syncope or seizure, but reported one episode of "very brief dizziness and fast heart beat." (T. 490.) Claimant felt "overall better" and was interested in riding a bike. (*Id*.) Dr. Vinocur stated Claimant could participate in "usual childhood activities," but should avoid dangerous activities or activities with

9

limited access to care. (*Id*.) The doctor stated Claimant could exercise "only with direct adult supervision and AED available." (*Id*.)

In March 2016, Dr. Vinocur again noted Claimant was "stable" and had no syncope or seizures since starting medication. (T. 443.) Dr. Vinocur noted concern with Claimant's "rare dizzy episodes" and recommended an increase in medication dosage. (T. 445.) Dr. Vinocur again stated Claimant could participate in "usual childhood activities." (*Id*.) In August 2016, Claimant was "stable," he continued to have episodes of dizziness, but no episodes of syncope or seizure. (T. 482-483.)

Although the ALJ considered Dr. Vinocur's treatment notations, he failed properly assess the limitations according to the treating physician rule. Remand is necessary for a proper evaluation of Dr. Vinocur's statements regarding Claimant's ability to engage in physical activity as well as Claimant's need for direct supervision with an AED. Although the ALJ acknowledged Claimant's need for supervision, the ALJ failed to meaningfully address how this requirement affected Claimant's ability to function in the various domains. *Smith v. Massanari*, No. 00-CV-0402C, 2002 WL 34242375, at *6 (W.D.N.Y. Mar. 17, 2002) (the Commissioner's regulations require the ALJ to consider the effects of a structured or highly supportive setting on the claimant's functioning and, if the claimant's symptoms or signs are controlled or reduced by the structured environment, the ALJ is required to consider the claimant's functioning outside of the highly structured setting); *see* 20 C.F.R. § 416.924c(d). For example, under SSR 09-8p examples of limitations in the domain of health and physical well-being include the need for intensive medical care as a result of being medically fragile. SSR 09-8p; 20 C.F.R. §

416.926a(I)(4)(v). Claimant's impairment and resulting limitations are unique and require a more thorough analysis.

In addition, Plaintiff submitted a letter dated December 16, 2017, from Dr. Vinocur to the AC. (T. 39.) Dr. Vincor's December 2017 letter indicated Claimant's condition was not fully controlled and he again stressed the need for constant supervision. (*Id.*) In his letter, Dr. Vinocur stated Claimant has had "dozens or hundreds of abnormal heart rhythm episodes manifesting as fainting and seizures." (*Id.*) He further stated, "[d]espite maximal tolerated dose of medication, his condition in only marginally controlled, and he remains at very high risk of sudden cardiac arrest." (*Id.*) Dr. Vinocur stated Claimant required "constant supervision of a responsible adult who has training in CPR and defibrillator use," further, "he cannot be left alone." (*Id.*) Dr. Vinocur's December 2017 letter reinforces his earlier limitations and can be addressed on remand.

Overall, remand is necessary for a proper evaluation of Dr. Vinocur's opinion. Plaintiff makes additional arguments why the ALJ's decision was not supported by substantial evidence. Due to the errors already identified and the impact they may have on the ALJ's step three determination, the ALJ should reassess Claimant's impairments and determine whether Claimant's impairment meets or medically equals a severity of a listing, or that functionally equals the listing. Given the nature of Claimant's impairment, it may be prudent on remand to obtain a more detailed medical source statement from Dr. Vinocur.

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's motion for judgment on the pleadings (Dkt. No. 13) is

**GRANTED**; and it is further

ORDERED that Defendant's motion for judgment on the pleadings (Dkt. No. 14) is **DENIED**; and it is further

ORDERED that this matter is **REMANDED** to Defendant, pursuant to 42 U.S.C. § 405(g), for further proceedings consistent with this Decision and Order.

Dated:    March 9, 2020

William B. Mitchell Carter
U.S. Magistrate Judge